**FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Supreme Court
SCWC-22-0000441
07-AUG-2026
08:20 AM
Dkt. 61 OP

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

BOOKING.COM B.V.,
Petitioner/Plaintiff-Appellant,

vs.

GARY S. SUGANUMA, in his official capacity as the Director
of Taxation, and STATE OF HAWAI'I Department of Taxation,
Respondents/Defendants-Appellees.

_____

SCWC-22-0000441

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-22-0000441; CASE NO. 1CC191000107)

August 7, 2026

DEVENS, C.J., McKENNA, EDDINS, AND GINOZA, JJ., AND CIRCUIT
JUDGE CASTAGNETTI, IN PLACE OF RECKTENWALD, C.J., RECUSED

OPINION OF THE COURT BY McKENNA, J.

## I.    Introduction and Summary

Hawai'i Revised Statutes ("HRS") § 91-7 (Supp. 2015)[1] allows

any interested person to seek declaratory relief regarding the

_____

[1]    HRS § 91-7 (Supp. 2015), "Declaratory judgment on validity of rules,"
provides in relevant part:

(continued . . .)

validity of administrative rules.  We address whether this includes challenges to the validity of tax administrative rules.  The Department of Tax ("DoTax") says no, because HRS § 632-1 (2016),[2] the general declaratory judgment statute, provides that declaratory relief may not be obtained in any controversy with respect to taxes.  However, HRS § 91-7 contains no such restriction.

In 2018, DoTax promulgated Hawai'i Administrative Rule ("HAR") § 18-237-29.53-10(a)(3) (the "Rule")[3] to clarify when

---

(. . . continued)

>     (a) Any interested person may obtain a judicial declaration as to the validity of an agency rule as provided in subsection (b) by bringing an action against the agency in the circuit court [] of the county in which the petitioner resides or has its principal place of business.  The action may be maintained whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.
>
>     (b) The court shall declare the rule invalid if it finds that it violates constitutional or statutory provisions, or exceeds the statutory authority of the agency, or was adopted without compliance with statutory rulemaking procedures.

[2]    HRS § 632-1(a) (2016), "Jurisdiction; controversies subject to," provides in relevant part:

> [(a)] In cases of actual controversy, courts of record, within the scope of their respective jurisdictions, shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceeding shall be open to objection on the ground that a judgment or order merely declaratory of right is prayed for; provided that declaratory relief may not be obtained [] in any controversy with respect to taxes[.]

[3]    HAR § 18-237-29.53-10, "Services performed by commissioned agents," provides in relevant part:

(continued . . .)

certain services are considered "used or consumed" in Hawai'i and thereby subject to general excise taxes ("GET"). The new Rule said that income is used or consumed where the transient accommodation or travel-related booking is located, not where a booking agent is situated when making the reservation. The Rule clearly subjected Booking.com B.V. ("Booking.com"), an online accommodation reservation platform based in Amsterdam, Netherlands, to GET on fees collected for Hawai'i-based bookings.

In 2019, Booking.com sought declaratory relief under HRS § 91-7 in the Circuit Court of the First Circuit ("circuit court") to declare the Rule invalid based on the federal Internet Tax Free Act ("ITFA") and the U.S. Constitution's Commerce and Supremacy Clauses.

In late 2021, DoTax issued a GET assessment of more than $19 million to Booking.com for tax years 2010 to 2020. Booking.com appealed the assessment to the tax appeal court.

---

(. . . continued)

(a) Except as provided in section 18-237-29.53-04, services performed by a commissioned agent are used or consumed where the agent is located at the time the agent's services are performed; provided that:

. . .

(3) when transient accommodations or travel-related bookings are sold, purchased, or arranged online through a commissioned agent, the agent's service is used or consumed where the transient accommodation or travel-related booking is located.

In 2022, DoTax filed a motion to dismiss the HRS § 91-7 declaratory relief action alleging a lack of subject matter jurisdiction. It argued the separate tax assessment appeal rendered the HRS § 91-7 lawsuit a "controversy with respect to taxes" precluded by HRS § 632-1.

The circuit court granted the motion to dismiss based on its understanding that the merits of the Rule would be addressed through the tax appeal court case.

The Intermediate Court of Appeals ("ICA") affirmed the dismissal, holding that (1) Booking.com lacked standing under HRS § 91-7 and (2) declaratory relief was unavailable under HRS § 91-7 as this lawsuit involves a "controversy with respect to taxes." Booking.com B.V. v. Suganuma, CAAP-22-0000441, 2025 WL 1322630, at *3 (Haw. App. May 7, 2025) (SDO). Booking.com challenges these rulings on certiorari.

Preliminarily, we address subject matter jurisdiction and mootness.

First, subject matter jurisdiction. HRS § 91-7 says an interested person may file a lawsuit regarding the validity of an agency rule "in the circuit court [] of the county in which the petitioner resides or has its principal place of business." At oral argument, Booking.com raised this court's holding in Hawaii Home Infusion Associates v. Befitel, 114 Hawai'i 87, 157 P.3d 526 (2007). In Befitel, this court dismissed a lawsuit

4

filed in the First Circuit court in Honolulu, where the agency was located, holding that HRS § 91-7 limited subject matter jurisdiction to the Fifth Circuit court because the plaintiff entity had its principal place of business on Kauai. 114 Hawai'i at 93, 157 P.3d at 532. Under Befitel, neither Booking.com nor any out-of-state plaintiff would be able seek HRS § 91-7 relief in Hawai'i.

We overrule Befitel. For reasons further explained below, we hold that the pertinent language in HRS § 91-7 concerns venue, not subject matter jurisdiction. Pursuant to the general civil venue statute, HRS § 603-36(5) (2016),[4] out-of-state plaintiffs can therefore file an HRS § 91-7 lawsuit where the agency is located, like Booking.com did here.

Second, mootness. While this appeal was pending before the ICA, the tax appeal court held the Rule invalid and void as a matter of law. DoTax argues that this case has therefore become moot.

---

[4]  HRS § 603-36 (2016), "Actions and proceedings, where to be brought," provides in relevant part:

> Actions and proceedings of a civil nature within the jurisdiction of the circuit courts shall be brought as follows:
>
> . . . .
>
> (5)  Actions other than those specified in paragraphs (1) to (4) shall be brought in the circuit where the claim for relief arose or where the defendant is domiciled[.]

This case is not moot. The issue is whether HRS § 632-1's prohibition on declaratory judgments regarding tax controversies prohibits a HRS § 91-7 declaratory relief action challenging the validity of a tax administrative rule. That issue is still alive and squarely before this court. In any event, the public interest exception to the mootness doctrine would apply.

Turning to the ICA's holdings, we respectfully disagree. We hold that Booking.com has standing as an "interested person." We also hold that HRS § 632-1's prohibition on declaratory judgments for controversies with respect to taxes does not prohibit a HRS § 91-7 action for declaratory relief regarding the validity of a tax administrative rule.

Hence, we vacate the ICA's June 4, 2025 judgment on appeal and the circuit court's January 24, 2023 final judgment and we remand this matter to the circuit court for further proceedings consistent with this opinion.

## II. Background

### A. Circuit court proceedings

HAR § 18-237-29.53-10(a) preliminarily states that "services performed by a commissioned agent are used or consumed where the agent is located at the time the agent's services are performed[.]" But in March 2018, DoTax promulgated the Rule, which changed how certain services are considered "used or consumed" in Hawai'i. For online bookings, the Rule said income

6

is used or consumed where the transient accommodation or travel related booking is located, not where the booking agent performed the booking services. This clearly subjected Booking.com (and other online reservation accommodation platforms) to GET on fees collected for Hawai'i bookings. See Tax Information Release No. 2018-06, Dep't of Tax (June 25, 2018).[5]

On January 18, 2019, Booking.com filed a HRS § 97-1 complaint in the circuit court (of the First Circuit) seeking to declare the Rule invalid and void based on the ITFA and the U.S. Constitution's Commerce and Supremacy Clause.

On February 25, 2019, DoTax filed a motion to dismiss, basically arguing that the circuit court lacked subject matter jurisdiction and was prohibited from granting declaratory relief in any case or controversy involving taxes based on HRS § 632-1, the general declaratory judgment statute. HRS § 632-1 provides that declaratory relief may not be obtained in any controversy with respect to taxes.

According to DoTax, the HRS § 632-1 exception for tax controversies is based on the federal Declaratory Judgment Act ("DJA")'s prohibition against declaratory relief "with respect to Federal taxes[.]" See 28 U.S.C. § 2201(a).

---

[5]    https://files.hawaii.gov/tax/legal/tir/tir18-06.pdf [https://perma.cc/L7D7-5FAW].

In opposing DoTax's motion, Booking.com argued that HRS § 91-7 applies independently of HRS § 632-1 and allows any interested petitioner to challenge the validity of an agency rule, including a tax rule, even when there is no actual controversy as required by HRS § 632-1. DoTax countered that HRS § 91-7 did not create subject matter jurisdiction, but only liberalized standing. Furthermore, even if HRS § 91-7 was deemed an independent basis for subject matter jurisdiction, DoTax contended that HRS § 632-1's restriction on declaratory relief for tax controversies should be read in pari materia with and applied to HRS § 91-7.

The circuit court rejected DoTax's motion to dismiss, deeming HRS § 91-7 a proper basis to challenge the Rule.

Then, on November 10, 2021, DoTax served Booking.com with a "Notice of Final Assessment of General Excise and/or Use Tax" assessing a total of $19,737,315.28 in GET against Booking.com for tax years 2010 through 2020. The amount of $9,464,106.71 was the principal allegedly due, while $5,678,463.95 was for penalties and $4,594,744.62 was for accrued interest.

On December 9, 2021, Booking.com filed a notice of appeal from the assessment to the tax appeal court, arguing it did not file tax returns because before the Rule was implemented, it did not have income subject to Hawai'i tax. As in its HRS § 91-7 action, it contended that the Rule violated federal law by

treating Booking.com's online activity differently from other types of services.

On March 14, 2022, in the HRS § 91-7 action, DoTax filed a renewed motion to dismiss, arguing that Booking.com's tax appeal meant that the declaratory relief action would restrain assessment and collection of taxes in violation of HRS § 632-1.

On May 10, 2022, the circuit court expressed its inclination to grant the motion to dismiss, not based on DoTax's arguments, but on the grounds Booking.com could challenge the Rule's constitutionality in tax appeal court. On June 13, 2022, the circuit court filed an order granting the motion to dismiss without prejudice, stating that it was relying upon representations that the Rule's validity was implicated in the tax appeal, but inviting Booking.com to reopen the HRS 91-7 lawsuit if the Rule's validity was not implicated in the tax appeal.[6]

Booking.com appealed the circuit court's decision to the ICA. While the appeal was pending before the ICA, on July 7, 2022, Booking.com filed a motion with the tax appeal court for partial summary judgment seeking a ruling that the Rule is invalid and void. On May 8, 2023, the tax appeal court granted partial summary judgment for Booking.com, deeming the Rule invalid and void as a matter of law.

---

[6]    See n.7 infra.

**B.     ICA proceedings**

The ICA affirmed the circuit court's dismissal, holding that Booking.com was not "any interested person" entitled to seek relief under HRS § 91-7 because it did not seek any ruling regarding application of the Rule to itself.  Booking.com, 2025 WL 1322630, at *3.  In addition, the ICA ruled that Booking.com's request to declare the Rule was invalid was prohibited by HRS § 632-1, as it would restrain and interfere with the assessment or collection of taxes.  Id.

**C.     Certiorari proceedings and oral argument**

Before this court, the parties largely repeat their arguments below.  DoTax also argues that this case is moot because the tax appeal court has already deemed the Rule invalid.

At oral argument, Booking.com brought up a subject matter jurisdiction issue based on Befitel, 114 Hawai'i 87, 157 P.3d 526, which is discussed below.  After oral argument, we ordered supplemental briefing, including as to whether Befitel should be overruled.

### III. Standards of Review

**A.     Subject matter jurisdiction**

The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard.  Tax Foundation v. State, 144 Hawai'i 175, 185, 439 P.3d 127, 137 (2019) (cleaned

10

up). Furthermore, lack of subject matter jurisdiction can never be waived and can be raised at any time. Koga Eng'g & Const., Inc. v. State, 122 Hawaiʻi 60, 84, 222 P.3d 979, 1003 (2010).

## B.   Mootness

"Mootness is a question of law, which this court reviews de novo." Kiaʻi Wai O Waiʻaleʻale v. Bd. of Land & Nat. Res., 157 Hawaiʻi 303, 314, 576 P.3d 816, 827 (2025) (cleaned up).

## C.   Standing

"The issue of standing is reviewed de novo on appeal." Tax Found., 144 Hawaiʻi at 185, 439 P.3d at 137 (cleaned up).

## D.   Statutory interpretation

The interpretation of a statute is a question of law reviewable de novo. In re Doe, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001).

In interpreting a statute, we are guided by the following principles:

> Our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

Castro v. Melchor, 142 Hawaiʻi 1, 11, 414 P.3d 53, 63 (2018) (cleaned up).

11

## IV.  Discussion

### A.  Subject matter jurisdiction exists

#### 1.  Overruling Hawaii Home Infusion Associates v. Befitel, we hold that HRS § 91-7(a) contains optional venue language, not mandatory subject matter jurisdiction language

At oral argument, Booking.com raised the question of whether subject matter jurisdiction exists based on Befitel, 114 Hawai'i 87, 157 P.3d 526, which addressed in which circuit court a HRS § 91-7 declaratory relief action can be filed.  HRS § 91-7(a) provides that any interested person can obtain a judicial declaration regarding the validity of an agency rule by bringing a lawsuit against an agency in the circuit court of the county in which the interested person resides or has its principal place of business.

The petitioner in Befitel, Hawaii Home Infusion Associates ("HHIA"), a supplier of medical goods and services, sued the Hawai'i Department of Labor and Industrial Relations ("DLIR") under HRS § 91-7, challenging an agency rule precluding appeals from billing decisions.  114 Hawai'i at 88-89, 157 P.3d at 527-28.  HHIA filed the lawsuit in the First Circuit Court of the City & County of Honolulu, where DLIR was based, instead of in the Fifth Circuit Court of Kaua'i County, where HHIA had its principal place of business.  114 Hawai'i at 89, 157 P.3d at 28.

12

This court held that because the plaintiff had its principal place of business in Kauaʻi County, HRS § 91-7(a) required the lawsuit to be filed in the Fifth Circuit.  Id. This court deemed this portion of HRS § 91-7(a) to implicate mandatory subject matter jurisdiction, requiring filing of an action in the county in which the petitioner resides or has its principal place of business.  114 Hawaiʻi at 93, 157 P.3d at 532.

We ordered post-oral argument briefing on this subject matter jurisdiction issue.

Applying rules of statutory interpretation, we now hold that Befitel was incorrectly decided.  We do not overrule precedent unless the most cogent reasons and inescapable logic require it.  Ahn v. Liberty Mut. Fire Ins. Co., 126 Hawaiʻi 1, 10, 265 P.3d 470, 479 (2011).  But here, cogent reasons and inescapable logic compel us to do so.

First, in interpreting a statute, "[o]ur foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose."  Castro, 142 Hawaiʻi at 11, 414 P.3d at 63 (cleaned up).

The language of HRS § 91-7 does not refer to jurisdiction. The legislature says "jurisdiction" when it means jurisdiction.

13

See, e.g., HRS § 92F-15(e) (2012) ("The circuit court in the judicial circuit in which the request for the record is made, where the requested record is maintained, or where the agency's headquarters are located shall have jurisdiction over an action brought under this section.") & HRS § 412:1-108 (2025) ("For all matters requiring or permitting judicial action or remedy in this chapter, jurisdiction is conferred upon the circuit court of the judicial circuit in which the principal office in this State of the affected financial institution is located.").

Next, the language of HRS § 91-7 says a petitioner "may" bring a HRS § 91-7 lawsuit where the petitioner resides or has its principal place of business. It doesn't say "shall."

And "[t]he term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied; this is so at least when there is nothing in the wording, sense, or policy of the provision demanding an unusual interpretation." State v. Kahawai, 103 Hawai'i 462, 465, 83 P.3d 725, 728 (2004) (cleaned up). In Befitel, this court conceded that the legislature could have drafted the statute using "shall" instead of "may," but said that the legislature had not "intended to bestow an extra benefit upon HRS § 91-7 plaintiffs that they 'may' ignore if they prefer to sue outside of their own domiciles." 114 Hawai'i at 92, 157 P.3d at 531.

14

But the legislative intent of HRS § 91-7 was actually to expand the court's authority and to liberalize standing in order to allow "any interested person" to bring a declaratory action challenging the validity of an agency rule.  Asato v. Procurement Policy Board, 132 Hawai'i 333, 343-44, 322 P.3d 228, 238-39 (2014) (citing H. Stand. Comm. Rep. No. 8 in 1961 House Journal, at 658).  The legislature did not express an intent to prevent a plaintiff from filing where the defendant agency is located based on the general venue statute, HRS § 603-36(5).  By prohibiting HHIA from bringing the lawsuit in the First Circuit, Befitel appears to have contradicted legislative intent.

Other rules of statutory interpretation also favor and support overruling Befitel.

The in pari materia canon of statutory interpretation provides that when a law is ambiguous, statutes on the same subject matter can be construed with reference to each other. Alpha, Inc. v. Bd. of Water Supply, 154 Hawai'i 486, 494, 555 P.3d 173, 181 (2024); see also HRS § 1-16 (2009) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other.  What is clear in one statute may be called in aid to explain what is doubtful in another.").

In this regard, to the extent the relevant language of HRS § 91-7(a) is purportedly ambiguous with respect to whether it concerns venue or subject matter jurisdiction, HRS § 603-36(5)

15

and HRS § 91-7(a) can be read with each another.  HRS § 603-36(5) is the general civil venue statute, which allows actions to be brought in the circuit "where the claim for relief arose or where the defendant is domiciled[.]"  Before HRS § 91-7(a) was promulgated in 1961, neighbor island plaintiffs challenging an agency rule would have been required to file in Honolulu's First Circuit Court.

But Befitel recognized that HRS § 91-7(a) is for the "convenience of the plaintiff" and now allows plaintiffs to file in the circuit of their domicile, even if the claim for relief did not arise or the defendant is not domiciled in that circuit. 114 Hawai'i at 92, 157 P.3d at 531.  Therefore, reading HRS § 603-36(5) and HRS § 91-7(a) together, the second sentence of HRS § 91-7(a) is more logically read as expanding venue so that petitioners can file in the circuit in which they live or have their principal place of business, and not be required to file in the circuit where the claim for relief arose or where the defendant is domiciled.  Yet, it could be more convenient for a plaintiff to file in the defendant agency's circuit, whether due to the availability of witnesses, evidence, or specialized attorneys.

Further, another rule of statutory interpretation is that courts should avoid absurd results inconsistent with statutory intent.  See Nordic PCL Construction Inc. v. LPIHGC, LLC, 156

16

Hawai'i 325, 333-34, 574 P.3d 1273, 1281-82 (2025); see also HRS § 1-15(3) ("Every construction which leads to an absurdity shall be rejected.")

HRS § 91-7 was intended to expand the court's authority and to liberalize standing. Booking.com is a foreign corporation and its principal place of business is not in Hawai'i. Under Befitel, no court in Hawai'i would have subject matter jurisdiction over a HRS § 91-7 action filed by Booking.com or other similarly situated plaintiffs. Such a result is absurd and inconsistent with legislative intent.

For these reasons, we overrule Befitel and hold that HRS § 91-7(a) is an optional venue statute that expands venue beyond HRS § 603-36(5). Pursuant to the latter, out-of-state plaintiffs can seek declaratory relief regarding validity of an agency rule in the circuit where the claim for relief arose or where the defendant is domiciled. Here, as DoTax is domiciled in Honolulu in the First Circuit, the First Circuit Court had subject matter jurisdiction over Booking.com's declaratory relief action. Therefore, so did the ICA, and now, so does this court.

## B. The issue of the availability of HRS § 91-7 declaratory relief for tax administrative rules is not moot

Next, DoTax argues this case is moot, because the tax appeal court has already invalidated the disputed rule. On May

17

8, 2023, the tax appeal court granted Booking.com's motion for partial summary judgment, ruling that the Rule is invalid and void in violation of the ITFA.[7]

A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law; a case is moot if the reviewing court can no longer grant effective relief. Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (cleaned up).

Here, the issue on certiorari is not the merits of the Rule's validity. The issue is whether the language of HRS § 632-1 prohibiting declaratory relief for tax controversies prohibits a HRS § 91-7 declaratory relief lawsuit challenging the validity of a tax administrative rule. So, the case is not moot.

But even if it was, the public interest exception to the mootness doctrine applies when an issue "affects the public interest and an authoritative determination is desirable for the

---

[7] The tax appeal court also has subject matter jurisdiction to rule on the validity of a tax administrative rule pursuant to HRS § 232-12 (2017), "Powers when hearing appeals," which gives it the powers and authority of a circuit court when hearing tax appeals:

> The tax appeal court when hearing appeals, shall, in . . . otherwise carrying out its duties and functions, have all the powers and authority of a circuit court.

HRS § 91-7 was not cited in the briefing regarding the motion and opposition.

guidance of public officials." Kahoʻohanohano, 114 Hawaiʻi at 333, 162 P.3d at 727 (citation omitted). Factors include (1) "the public or private nature of the question presented"; (2) "the desirability of an authoritative determination for the future guidance of public officers"; and (3) "the likelihood of future recurrence of the question." Id. (cleaned up).

Here, all three factors are met. The question before this court is clearly of a public nature, because HRS § 91-7 declaratory relief is available to the public and implicates all taxpayers. Second, adjudication on the merits by this court is desirable, because it would provide guidance to the public and to DoTax. Third, this issue is also likely to reoccur. Therefore, even if this case was moot, the public interest exception would apply.

## C. Booking.com does have standing

The ICA held that Booking.com lacks standing. HRS § 91-7(a) provides that "[a]ny interested person may obtain a judicial declaration as to the validity of an agency rule[.]" To have standing under HRS § 91-7(a), "any interested person" does not require an "actual case or controversy" and includes any plaintiff who has interests that "may have been adversely affected." Asato, 132 Hawaiʻi at 343-44, 322 P.3d at 238-39. In Asato, this court ruled a taxpayer plaintiff qualified as an "interested person," because a taxpayer challenging a specific

bidding procedure may be "adversely affected" by the validity of a regulation allegedly allowing an illegal expenditure of public funds. 132 Hawaiʻi at 343, 322 P.3d at 238.

The ICA ruled Booking.com lacks standing based on language in its briefing that it "does not seek any ruling regarding the application of the Rule to [Booking.com] in this action." Booking.com, 2025 WL 1322630, at \*3. The ICA therefore held that "[i]f Booking.com doesn't seek a ruling that HAR § 18-237-29.53-10(a)(3) does not apply to it, it is not 'any interested person' entitled to declaratory relief under HRS § 91-7." Id.

But in its initial filing at circuit court, Booking.com pled it "may have been adversely impacted" by the Rule. Booking.com argued it had standing because, as an online accommodations platform based in the Netherlands, it would likely be and, as shown by the subsequent tax assessment, was impacted by the Rule. Booking.com's briefing before the ICA merely expressed its position that it was not challenging the application of the Rule to it under HRS § 91-7; rather, it challenges the Rule's validity. See Puana v. Sunn, 69 Haw. 187, 189, 737 P.2d 867, 869 (1987) ("Although HRS § 91-7 does not give the circuit court jurisdiction to hear a challenge to the application of a rule, it clearly does provide for attacks on a rule's validity.").

20

Booking.com, as a business which facilitates bookings in Hawai'i, is obviously an "interested person" with respect to the validity of the Rule. Therefore, the ICA erred by ruling Booking.com does not have standing.

**D. HRS § 632-1's prohibition on declaratory judgments for controversies with respect to taxes does not prohibit a HRS § 91-7 action for declaratory relief regarding the validity of a tax administrative rule**

When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.

Nothing in the language of HRS § 91-7 says declaratory relief cannot be granted regarding the validity of a tax administrative rule. DoTax argues that HRS § 632-1's prohibition on declaratory judgments in tax controversies should be read in pari materia and superimposed to also govern HRS § 91-7. This argument is without merit.

The in pari materia doctrine applies when a statute is ambiguous. Earlier, we construed HRS §§ 91-7(a) and 603-36(5) in pari materia because Befitel deemed language in the former ambiguous with respect to whether it concerned venue or subject matter jurisdiction. But HRS § 91-7 is not ambiguous with respect to whether a tax administrative rule can be challenged. It contains no language prohibiting such a challenge.

21

HRS § 632-1(b) actually says that where a statute provides a special form of remedy for a specific type of case, that statutory remedy is to be followed. Thus, an action seeking declaratory relief regarding the validity of an agency rule is to be brought under HRS § 91-7, not HRS § 632-1.

HRS § 632-1 and HRS § 91-7 are separate, independent statutes. HRS § 632-1's tax controversy prohibition does not apply to a HRS § 91-7 lawsuit bringing a facial challenge to invalidate a tax administrative rule.

The ICA held that the circuit court lacked jurisdiction over Booking.com's lawsuit as it would restrain and interfere with the assessment or collection of taxes. Booking.com, 2025 WL 1322630, at *3. It cited this court's opinion in Ocean Resort Villas Vacation Owners Ass'n v. Cnty. of Maui, 147 Hawai'i 544, 465 P.3d 991 (2020), which held that a circuit court lacked jurisdiction over a taxpayer lawsuit seeking declaratory relief regarding the legality and constitutionality of Maui County's timeshare real property tax classification. 147 Hawai'i at 547, 465 P.3d at 994. The ICA said that the "proper recourse is through the tax appeal procedures." Booking.com, 2025 WL 1322630, at *3 n.6.

But Ocean Resorts was a HRS § 632-1 action challenging a county ordinance, not a HRS § 91-7 action seeking declaratory relief regarding an agency rule. Further, HRS § 91-7 only

22

allows challenges to the validity of an administrative rule, not to its application. Puana, 69 Haw. at 189, 737 P.2d at 869. Hence, Ocean Resorts is inapposite.

This case is a prime example of why a "proper recourse" should not be limited to tax appeal procedures. DoTax argues that Booking.com should not have challenged the Rule under HRS § 91-7, but should have waited until DoTax assessed taxes against it and appealed to tax appeal court. Before the Rule, Booking.com did not file Hawai'i tax returns based on its belief that it had no income taxable by Hawai'i. DoTax's eventual GET assessment was for the previous ten years, totaling over $19 million, half of which was for penalties and accrued interest. Booking.com and other taxpayers should be able to facially challenge the validity of tax administrative rules, even if they cannot challenge its application to them.

Based on the plain language of HRS § 91-7, HRS § 632-1's prohibition on declaratory judgments for controversies with respect to taxes does not prohibit a HRS § 91-7 action for declaratory relief regarding the validity of a tax administrative rule.

### V. Conclusion

For the foregoing reasons, we vacate the ICA's June 4, 2025, judgment on appeal as well as the circuit court's January

24, 2023 final judgment and remand to the circuit court for further proceedings consistent with this opinion.

Nathaniel Higa                    /s/ Vladimir P. Devens
for petitioner
                                  /s/ Sabrina S. McKenna
Lauren Chun
for respondent                    /s/ Todd W. Eddins

Thomas Yamachika                  /s/ Lisa M. Ginoza
for amicus curiae
Tax Foundation of Hawai'i         /s/ Jeannette H. Castagnetti